UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ODIL BOLGAEV, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No: 20-cv-01293-SBA<br><br>**ORDER DISMISSING ACTION** |

On September 20, 2019, Plaintiffs Odil Bolgaev ("Bolgaev") and minors S.A., D.A., and J.A. (collectively, "Plaintiffs") initiated the instant action in state court, bringing claims under 42 U.S.C. § 1983 and California law against Defendants the City and County of San Francisco (the "City"), Chief of Police William Scott ("Scott"), and an unknown individual identified as John Doe ("Doe") (collectively "Defendants"). On February 20, 2020, the City removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331 with respect to Plaintiffs' section 1983 claim and supplemental jurisdiction under 28 U.S.C. § 1367 with respect to Plaintiffs' state law claims. Dkt. 1.

Thereafter, the City filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. Plaintiffs did not oppose the motion. On April 8, 2020, Magistrate Judge Joseph C. Spero issued a Report and Recommendation Regarding Motion to Dismiss ("R&R), wherein he recommended that the Court grant the City's motion to dismiss with leave to amend. Dkt. 20. Magistrate Judge Spero further recommended that the Court dismiss the claims against Scott and Doe without prejudice for lack of timely service. Id. Plaintiffs did not file an objection to the R&R.

On May 4, 2020, the Court issued an Order Adopting Report and Recommendation In Part and Dismissing Complaint With Leave to Amend ("Order"). Dkt. 28. The Court adopted the recommendation to grant the City's motion and dismiss Plaintiffs' claims with leave to amend. Id. The Court ordered Plaintiff to file an amended complaint within 14 days of the date the Order was filed. Id. The Court declined to adopt the recommendation to immediately dismiss the claims against Scott and Doe for lack of timely service, finding that Plaintiffs had through May 20, 2020 to effectuate service. Id. Nevertheless, the Court warned Plaintiffs that it would dismiss Defendants Scott and Doe from the action without prejudice and without further notice if they failed to complete service by May 20. Id.

As set forth in the Court's Order, the deadline to file an amended complaint was May 18, 2020 and the deadline to complete service on Scott and Doe was May 20, 2020. Plaintiffs have neither filed an amended complaint nor shown that service has been completed. Instead, on May 27, 2020, the parties filed a Joint Case Management Statement and Notice of Plaintiffs' Intent Not to File an Amended Complaint. Dkt. 31. In it, Plaintiffs advise that they do not intend to file an amended complaint. Id. at 2. Plaintiffs request that the Court "enter a dismissal without prejudice as to all defendants pursuant to the Court's Order and remand the matter back to Superior Court." Id. The City requests that, as to it, the Court dismiss the action with prejudice. Id.

Dismissal of the action against Scott and Doe will be without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Based on Plaintiffs' failure to state a claim against the City and their notice of intent not to file an amended complaint, however, dismissal of the action against the City will be with prejudice pursuant to Rule 12(b)(6). See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (holding that, when a complaint is dismissed with leave to amend for failure to state a claim and the plaintiff provides notice of his intent not to amend, the dismissal under Rule 12(b)(6) "ripens into a final, appealable judgment"); see also Fed. R. Civ. P. 41(b) ("any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits").

Although Plaintiffs request that the action be dismissed without prejudice as to all defendants, they provide *no justification* for that request. The Court also finds no basis for Plaintiffs' request that, following dismissal as to all defendants, the action be remanded to state court. Once the action is dismissed—whether the dismissal is with or without prejudice—there is no action to remand to the state court.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The action is DISMISSED without prejudice as to Defendants Scott and Doe pursuant to Rule 4(m).

2. The action is DISMISSED with prejudice as to the City pursuant to Rule 12(b)(6).

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: June 2, 2020

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge